IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DECIUS OCTAVIUS MANUEL, #331527,  )<br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>ROLANDA CALLOWAY,   )<br>ALCORNELIA TERRY, DIRECTOR   )<br>OF CENTRAL RECORDS, and LEE   )<br>COUNTY CIRCUIT COURT   )<br>CLERK,   )<br>   )<br>   Respondents.   ) | CASE NO. 3:24-CV-790-WKW<br>[WO] |

## **ORDER**

Petitioner Decius Octavius Manuel, a convicted state inmate in the custody of the Alabama Department of Corrections, filed this *pro se* petition under 28 U.S.C. § 2241 in December 2024. He is serving concurrent sentences of 48 months for three guilty plea convictions of unlawful possession of a controlled substance.[1] Petitioner challenges the calculation of his jail credit time, alleging entitlement to 357 days of

---

[1] On February 9, 2022, Petitioner filed an application to plead guilty to three counts of unlawful possession of a controlled substance, agreeing to concurrent sentences of 48 months, suspended for 2 years of supervised probation. He was ordered to pay various fines and fees and was given 151 days of jail credit. After failing to appear in court on June 27, 2022, a no bond writ of arrest was issued, and Petitioner was arrested on October 25, 2022. On March 27, 2024, Petitioner's probation was revoked due to new offenses, and he was ordered to serve his sentences concurrently with 71 days of jail credit. In total, Petitioner was awarded 222 days of jail credit. (*See* Doc. # 17 at 2–4 & Exhibits.)

jail credit. (Doc. # 1 at 8.) Contending that Respondents' failure to award the proper amount of jail credit violates Alabama Code § 15-18-5(a), he requests this court to enter a judgment directing Respondents to adjust his jail credit accordingly. Respondents have filed an opposition to the § 2241 petition. (Doc. # 17.) They contend that the petition does not present a federal question and should be dismissed as it is not cognizable under federal habeas review.[2] (Doc. # 17 at 5.) As explained below, the petition must be dismissed on that basis.

> Alabama Code § 15-18-5(a) provides:
>
> Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.

This court, as well as other federal district courts in Alabama, "have found challenges to the calculation of jail credit under Ala. Code § 15-18-5 to be foreclosed as non-cognizable for purposes of federal habeas review." *Dean v. Billups*, 2020 WL 7873069, at *2 (M.D. Ala. Nov. 25, 2020) (collecting cases), *report and recommendation adopted*, 2021 WL 27680 (M.D. Ala. Jan. 4, 2021); *accord Steiger v. Carter*, 2020 WL 7220831, at *3 (M.D. Ala. Nov. 13, 2020), *report and*

---

[2] Respondents further contend that, even if the claim were cognizable, the petition is both unexhausted because Petitioner has not presented it to the state courts and time-barred under the Antiterrorism and Effective Death Penalty Act. (Doc. # 17 at 6–10.) These arguments offer additional grounds for dismissal; however, they will not be addressed here.

*recommendation adopted*, 2020 WL 7211638 (M.D. Ala. Dec. 7, 2020); *see also Ellison v. Crow*, 2020 WL 8678732, at *4 (N.D. Ala. July 6, 2020) ("Ellison's claim regarding the calculation [of jail credit on his state sentence under Alabama law] does not fall under the purview of this court, as credit for jail time constitutes a matter of state law."), *report and recommendation adopted*, 2020 WL 8678014 (N.D. Ala. July 29, 2020); *West v. Alabama*, 2017 WL 3836076, at *2–3 (N.D. Ala. Aug. 3, 2017) ("West does not deny he must serve twenty years, nor does he contend a twenty-year sentence is unauthorized under state law; he simply disputes what counts towards serving that time.  This is purely a matter of state law and does not implicate the Eighth Amendment."), *report and recommendation adopted sub nom. West v. State of Alabama*, 2017 WL 3781362 (N.D. Ala. Aug. 31, 2017); *Dupont v. Jones*, 2012 WL 5463834, at *2 (M.D. Ala. Oct. 15, 2012) ("The [state] trial court's alleged failure to award [the petitioner] the proper amount of jail credit on his twenty year split sentence, even if true, involves the Alabama courts' interpretation of Alabama law, and, thus, does not amount to a violation of any federal constitutional right. . . ."), *report and recommendation adopted*, 2012 WL 5897124 (M.D. Ala. Nov. 8, 2012).

While a petition under 28 U.S.C. § 2241 allows a prisoner to challenge the execution of his sentence, the petitioner must demonstrate a violation of federal law or the United States Constitution.  *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas

corpus shall not extend to a prisoner unless . . . [h] e is in custody in violation of the Constitution or laws or treaties of the United States."). Federal habeas corpus relief does not extend to errors of state law unless the alleged error also implicates a federal issue. *See, e.g., McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.") (citation omitted).

In line with these principles, Petitioner's claim regarding jail credit does not implicate a violation of the United States Constitution or other federal law. Even assuming the Alabama authorities failed to award the correct amount of jail credit, such a claim rests solely on the Alabama courts' interpretation of Alabama law. Because Petitioner's petition concerns only the application of state law, it is not cognizable on federal habeas review and must be dismissed.[3]

Based on the foregoing, it is ORDERED that Petitioner Decius Octavius Manuel's 28 U.S.C. § 2241 petition is DISMISSED with prejudice.

Final judgment will be entered separately.

DONE this 5th day of June, 2025.

                                           /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE

---

[3] A certificate of appealability (COA) is not required because "a federal prisoner who proceeds under § 2241 does not need a COA to [appeal]." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).